UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY L. DECKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12 CV 1449 DDN |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Jimmy L. Decker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## I.  BACKGROUND

On May 16, 2008, a jury in the Circuit Court of Scott County found petitioner guilty of one count of first degree statutory rape (Count I), three counts of first degree statutory sodomy (Counts II, III, IV), and one count of incest (Count V). (Doc 10, Ex. A at 550.) On July 10, 2008, the circuit court sentenced petitioner to twenty-five years imprisonment on Count I, twenty-five years imprisonment each on Counts II, III, and IV, and four years imprisonment on Count V. (Id., Ex. C at 130.) The circuit court further ordered the sentences for Counts I, II, and III to run consecutively with Counts IV and V to run concurrently with Count I. (Id.) The total sentence amounted to seventy-five years. (Id.) On October 15, 2009, the Missouri Court of Appeals affirmed the judgment on direct appeal. (Id., Ex. F.)

On December 30, 2009, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15.  (Id., Ex. G at 3-8.)  On March 29, 2010, with the assistance of appointed counsel, petitioner filed an amended motion for post-conviction relief.  (Id. at 11-26.)  The circuit court denied petitioner's motion on November 3, 2010.  (Id. at 27-28.)  On August 2, 2011, the Missouri Court of Appeals affirmed the circuit court's denial of the motion.  (Id., Ex. K.)  On August 10, 2012, petitioner filed the instant petition for a writ of habeas corpus.

The Missouri Court of Appeals described relevant facts of the case thus:

> We review the evidence in the light most favorable to the verdict.  In that light, the evidence was that [petitioner, her father,] committed various acts of sexual misconduct with B.D., which occurred at [petitioner's] mother's home in Sikeston, Missouri, from February through August of 2005.  At the time of trial, B.D. testified that she was nine years old and in the third grade.  B.D. stated that when she was living with her grandma in Sikeston, Missouri, [petitioner] "touched [her] in [her] private parts" with "[h]is private part."  B.D. also testified that [petitioner] touched her "private part" with his hands and that she touched his "private part" with her hands.  These acts occurred "more" than ten times, but B.D. did not immediately report [petitioner] because he told her that "if [she] told anybody he was going to whoop [her] with a belt."  Other facts relevant to the appeal will be discussed as necessary to review the point relied on.

(Id., Ex. F, at 2 (Memorandum).)

## II.  PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges three grounds for relief in this habeas action:

(1)  The trial court erred in admitting testimony regarding prior, uncharged sexual acts committed by petitioner.

(2)  The petitioner received ineffective assistance of trial counsel due to counsel's failure to investigate and use a potential alibi witness.

(3)  The petitioner received ineffective assistance of appellate counsel due to counsel's failure to raise on direct appeal the trial court's denial of petitioner's motions to declare a mistrial and quash the jury panel.

2

(Doc. 1 at 5-9.)

Respondent contends that the petition was filed outside the federal limitations period, that Ground 2 is procedurally barred, and that Grounds 1-3 are without merit.

### III. STATUTE OF LIMITATIONS

On respondent's argument that petitioner's claims are barred by the one-year statute of limitations, in pertinent part 28 U.S.C. § 2244(d) states:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review;

* * *

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

If a petitioner does not seek review in the highest reviewing state court, a judgment becomes final for purposes of Section 2244(d)(1)(A) and the statute of limitations begins to run on the date that the time for seeking such review expires. Gonzalez v. Thaler, 132 S.Ct. 641, 646 (2012). Section 2244(d)(2) tolls the time during which a properly filed post-conviction relief motion is pending. 28 U.S.C. § 2244(d)(2). An application for post-conviction review in Missouri is pending for tolling purposes under § 2244(d)(2) until the appellate ruling is considered final by the issuance of the mandate of the appellate court. Meierer v. Meierer, 876 S.W.2d 36, 37 (Mo. Ct. App. 1994)(ruling appellate ruling is not final until the court issues its mandate); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

Petitioner's federal habeas petition was filed in this court after the one-year limitations period expired. The Missouri Court of Appeals issued the mandate on the direct appeal from the conviction and sentence on October 15, 2009, triggering the one-year time limitation. (Doc. 10, Ex. F.) Seventy-six days later on December 30, 2009, petitioner timely filed his Rule 29.15 motion. (Id., Ex. G at 3-8.) The Missouri Court of Appeals affirmed the circuit court's denial of post-conviction relief in an opinion dated August 2, 2011, and issued its mandate on August 18, 2011. (Id. Ex. K.) Therefore, the judgment denying the Rule 29.15 motion became final on August 18, 2011, and the one-year period continued to run. The one-year period ran out two-hundred and eighty-nine days later on June 2, 2012. Petitioner filed the instant petition on August 10, 2012. (Doc. 1.)

Therefore, this action is barred because petitioner filed his petition for federal habeas relief after the passage of the one-year statutory limitations period.

## IV. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As discussed above, petitioner filed a direct appeal, a motion for post-conviction relief, and appealed the denial of his motion for post-conviction relief. Therefore, no proper procedure for litigating his federal habeas claims remains available. See Mo. Sup. Ct. R. 29.15(b); Mo. Sup. Ct. R. 81.04(a).

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement. Rather, a petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available procedures, any

such ground for federal habeas relief is barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Petitioner raised Ground 1 at the trial level in his motion in limine, renewed the motion in limine, made objections during the trial, and moved for a new trial. (Doc. 10, Ex. A at 149, 180, 235, 383; Id., Ex. C at 22-24, 65-68, 125-26.) He also presented Ground 1 to the Missouri Court of Appeals. (Id., Ex. D at 21-35.) Accordingly, Ground 1 is not procedurally barred.

Petitioner raised Grounds 2 and 3 in his amended post-conviction relief petition. (Id., Ex. G at 13-14.) However, in his appeal, petitioner raised only Ground 3. (Id., Ex. I at 12.) Accordingly, Ground 2 is procedurally barred. Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012)(procedural bar effective because ineffective assistance of counsel claim was considered by the circuit court on the post-conviction motion, but circuit court denial of the claim was not raised in the appellate court) .

A petitioner may avoid the procedural bar by demonstrating either that there is a legally sufficient cause for the default and actual prejudice resulting from it, or that failure to review the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to his case impeded his efforts to comply with the state procedural requirements. Id. at 750-52. To establish actual prejudice, petitioner must demonstrate that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted); see also Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the

standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland").

In petitioner's reply brief, he alleges that the default of Ground 2 was a result of his appellate post-conviction relief counsel rendering constitutionally ineffective assistance by failing to raise Ground 2 from petitioner's amended post-conviction relief motion. The Supreme Court has held that the Constitution does not guarantee the right to effective assistance of post-conviction counsel and that therefore, errors of post-conviction relief counsel could not constitute sufficient cause. Coleman v. Thompson, 501 U.S. 722, 757 (1991). However, recently, the Supreme Court recognized that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012). Missouri courts hold that claims of ineffective assistance of counsel are cognizable solely in post-conviction relief motions. State v. Wheat, 775 S.W.2d 155, 157-58 (Mo. 1989), overruled on other grounds by Joy v. Morrison, 254 S.W.3d 885 (Mo. 2008); State v. Finster, 985 S.W.2d 881, 890 (Mo. Ct. App. 1999); State v. Taylor, 1 S.W.3d 610, 612 (Mo. Ct. App. 1999). The holding in Martinez does not extend, however, to appeals from initial-review collateral proceedings. Martinez v. Ryan, 132 S.Ct. at 1320; Arnold v. Dormire, 675 F.3d. 1082, 1087 (2012). Accordingly, petitioner fails to demonstrate cause and prejudice.

Petitioner also asserts that failure to review the claim would result in a fundamental miscarriage of justice. To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, the petitioner may show that he was actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence. Schlup v. Delo, 513 U.S. 298, 324 (1995). Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim. Id. at 316. Schlup requires that a habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but...come forward with new

6

reliable evidence which was not available at trial through the exercise of due diligence." Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011); see Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (applying the strict requirements of new evidence even when one of the procedurally defaulted claims was an ineffective assistance of counsel claim for failure to investigate, argue, and present evidence that allegedly would have proved the petitioner's innocence).

Petitioner alleges that new evidence supports his assertion of actual innocence. (Doc. 14 at 3-4.) Specifically, he offers as evidence an alibi witness whose testimony would prove that petitioner is innocent of the crimes. (Id.) However, this evidence is not new under the meaning of Schlup. Petitioner's counsel raised this issue in his amended motion for post-conviction relief and stated that petitioner informed his trial counsel of the witness' location and that the witness was willing to testify on his behalf to prove his innocence. (Doc. 10, Ex. G at 13.) Similar to Nance, this information was available at trial, although counsel purportedly failed to use it. Because, as petitioner has claimed, this information would have been available at trial through the exercise of due diligence, petitioner's claim of actual innocence is insufficient to reach the merits of procedurally defaulted claims.

Petitioner fails to satisfy requirements for either of the exceptions to the procedural bar articulated in Coleman. Accordingly, with respect to Ground 2, he cannot avoid procedural bar.

Nevertheless, Congress has authorized federal courts to consider procedurally barred grounds if a court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). The court has considered all of petitioner's federal grounds on their federal habeas merits.

## V. STANDARD OF REVIEW

All of petitioner's federal habeas grounds were ruled by Missouri courts. The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

7

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 559 U.S. 43, 47 (2010) (per curiam) (citation omitted). This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 559 U.S. at 47.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 558 U.S. at 293.

## VI. DISCUSSION

### A. Ground 1

Petitioner argues that the trial court abused its discretion by allowing witness testimony about prior, uncharged sexual conduct between him and the victim. According

to petitioner, the testimony regarding petitioner's uncharged conduct was merely propensity evidence that petitioner was a bad person who had caused the victim injury.

Under AEDPA habeas review, to determine whether a state court committed error by admitting evidence, courts consider whether the state court's decision was an objectively unreasonable application of the Due Process Clause rather than whether the evidence was properly admitted under state law. Middleton v. Roper, 498 F.3d 812, 820 (8th Cir. 2007). If such error is shown, petitioner must further show that the asserted error was "so egregious that [it] fatally infected the proceedings and rendered his entire trial fundamentally unfair." Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987). To meet this burden, petitioner must show a reasonable probability that the verdict would have been different absent the asserted error. Id.

Under Missouri law, trial courts may not admit evidence of prior criminal acts to prove a defendant's propensity to commit a presently charged crime. State v. Ellison, 239 S.W.3d 603, 606 (Mo. banc 2007). However, evidence of prior criminal acts is admissible if otherwise relevant and its probative value outweighs its prejudicial effect. Id. at 606-07. Specifically, in cases involving sexual abuse of children, Missouri courts admit evidence of prior sexual misconduct to show motive, identity, and common scheme or plan. State v. Bernard, 849 S.W.2d 10, 13 (Mo. banc 1993).

During the trial, over petitioner's motion in limine and objections, the court permitted testimony regarding prior, uncharged sexual conduct when the victim and petitioner were living with petitioner's mother, the victim's grandmother. The victim testified about petitioner making her private parts bleed, which required her to go to the hospital for stitches. (Doc. 10, Ex. A at 146-52.) Later during the trial, the court permitted the victim's mother to testify about victim's bleeding, their trip to the hospital to get stitches, and that the victim told her that petitioner caused the injury. (Id. at 180-82.) The victim's foster father testified that the victim told him that her father made her bleed because he put his private part in her private parts. (Id. at 203-04.) Additionally, a sexual assault forensic examiner testified that she remembered the victim being in the

9

hospital emergency room two or three years earlier to get stitches and that the victim's injuries appeared to be penetrating injuries. (Id. at 248-52.)

The appellate court found the challenged testimony relevant to show a continuous sexual relationship and pattern of abuse between the victim and petitioner and concluded that the trial court did not abuse its discretion by admitting the testimony. (Id., Ex. F at 6.) Neither the trial court nor the appellate court unreasonably applied state evidentiary law. The Missouri Court of Appeals stated in petitioner's case:

> [E]vidence in this case showed that [petitioner] had been continually abusing B.D. over the course of several years. The evidence presented at trial involved repeated acts of rape, sodomy, and incest that occurred in numerous places, including Sikeston and Matthews, Missouri, as well as on country roads. Here, testimony was presented showing that B.D. had been victimized and threatened for a lengthy period of time, which would be admissible to explain why she failed to report the abuse until after she was removed from her home.
>
> The 2002 injury was relevant to show a continuous sexual relationship between B.D. and [petitioner]. The examination of B.D. by Ms. Blevins revealed that the physical injury to B.D.'s hymen was more recent than the injury to her perineum, which tends to show a continuous pattern of abuse that occurred after 2002 and within the time frame when [petitioner] was charged.
>
> Based on the evidence presented, we cannot say that the trial court abused its discretion in admitting evidence of [petitioner's] prior, uncharged sexual conduct in 2002.

(Id.)

The challenged testimony was relevant, and its probative value outweighed its prejudicial effect. The Missouri courts' decisions were a reasonable application of the Due Process Clause. Sera v. Norris, 400 F.3d 538, 546-47 (8th Cir. 2005) (Due Process Clause not violated by state appellate court's consideration of evidence of the charged criminal activity to decide whether the conviction was constitutionally supported by legally sufficient evidence, although evidence of other criminal activity had been received by the trial court); Clark v. Groose, 16 F.3d, 960, 964 (8th Cir. 1994) (ruling no

violation of due process when the Missouri appellate court's evidentiary ruling did not infringe a specific federal constitutional provision).

Even assuming an error of constitutional magnitude, which the court does not find, petitioner fails to show a reasonable probability that the verdict would have been different absent this testimony. The prosecution charged petitioner with one count of first degree statutory rape, three counts of first degree statutory sodomy, and one count of incest. (Id., Ex. C at 12-15.) Under Missouri law, first degree statutory rape is defined as sexual intercourse with a person who is less than fourteen years old. Mo. Rev. Stat. § 566.032. First degree statutory sodomy is defined as subjecting a person less than fourteen years of age to deviate sexual intercourse. Mo. Rev. Stat. § 566.062. Incest includes engaging in sexual intercourse or deviating sexual intercourse with a person known to be a descendant. Mo. Rev. Stat. § 568.020. The victim's testimony supports the verdict. (Doc. 10, Ex. A at 137-59.) Missouri law instructs that "[i]n sexual abuse cases, a complaining witness' testimony alone will sustain a conviction even if uncorroborated." State v. Sladek, 835 S.W.2d 308, 310 (Mo. banc 1992); State v. Waddell, 164 S.W.3d 550, 553 (Mo. Ct. App. 2005). Further, the overwhelming amount of evidence adduced at trial, including testimony from the victim, the victim's mother, the registered nurse, and the victim's foster parents supports, weighs in favor of a guilty verdict. (Doc. 10, Ex. A at 137-59, 184-211, 211-301.) The strength of the prosecution's case removes a reasonable probability that the result of the proceeding would have been different absent admission of testimony regarding petitioner's previous uncharged acts.

Petitioner fails to show a constitutional violation or any reasonable probability of a different verdict and, therefore, fails to show an unreasonable application of the Due Process clause. Accordingly, Ground 1 is without merit.

**B. Ground 2**

In Ground 2, petitioner claims he received constitutionally ineffective assistance of counsel because his trial counsel failed to interview, properly investigate, subpoena and call an alibi witness, whose testimony was necessary to provide petitioner with a

11

viable defense.  Petitioner claims that the alibi witness would have testified that he lived with petitioner during the times petitioner was accused of sexually assaulting the victim, was present, and did not witness petitioner commit sexual assault.  Petitioner argues that had counsel called the alibi witness, there is a reasonable probability that the outcome of petitioner's trial would have been different.

The right to constitutionally effective assistance of counsel is rooted in the Sixth and Fourteenth Amendments.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  There are two elements necessary for a successful claim.  First, a habeas petitioner must demonstrate that his counsel's performance was professionally deficient.  Id.  Second, a habeas petitioner must demonstrate that counsel's deficient performance prejudiced the defense.  Id.

In order to establish that the counsel's performance was professionally deficient, petitioner must show that his attorney's conduct fell below the conduct of a reasonably competent attorney.  Id.  In the area of witness selection, the decision of a criminal defense attorney is normally left to counsel's judgment; these decisions are usually not second-guessed by a habeas reviewing court using hindsight.  Williams v. Armontrout, 912 F.2d 924, 934 (8th Cir. 1990).  Rather, an objective standard is applied to decide whether the totality of the circumstances indicates that the alleged actions or omissions of counsel were outside the wide range of professional competence.  Strickland, 466 U.S. at 694.

To show that counsel's deficient performance prejudiced the defense, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Regardless of whether counsel's performance was professionally deficient in failing to call an alibi witness, the defense suffered no prejudice.  Due to extensive testimony from the victim, her mother, the registered nurse, the victim's foster parents, and others, petitioner's purported alibi witness' testimony would not provide a reasonable

probability that the result of the proceeding would have been different. (Doc. 10, Ex. A at 137-59, 184-211, 211-301.) Even if the potential alibi witness testified as petitioner alleges, the overwhelming weight of the evidence would continue to support the jury verdict. Therefore, Ground 2 is without merit.

**C. Ground 3**

In Ground 3, petitioner argues that he had constitutionally ineffective assistance of counsel because his appellate counsel failed to raise on direct appeal the trial court's error in denying petitioner's motion to declare a mistrial or quash the jury panel after voir dire. Petitioner claims that a juror tainted the venire by making the following comments after being asked if they had been accused of any crimes:

> JUROR NO. 4: I was convicted of a felony in '93.
>
> STATE: '93. Were you treated fairly by the system in that situation?
>
> JUROR NO. 4: Yes.
>
> STATE: Is there anything about that experience that would cause you not to be fair and impartial in this type of case here today?
>
> JUROR NO. 4: Yes. I had to do three years in the Farmington Correctional Center with child molesters and rapists, and I was doing more time than a murderer.
>
> STATE: From your experience, you would not be able to be fair and impartial here today?
>
> JUROR NO. 4: I got fifteen years for a quarter pound of pot. And I've seen molesters come in here for molesting three kids and get three fives and run it concurrent and they're right back out on the street. Me being a convicted felon myself, I know most of the time you're using the law to try to out of their [sic] offense. Usually they don't file charges unless there's sufficient proof, I know that myself, and you use the law to try to get out of it, you know.
>
> STATE: So you couldn't be fair and impartial in this case today is what you're telling the Judge?

13

JUROR NO. 4: No.

(Doc. 10, Ex. A at 45-46.)

On review of this ground for post-conviction relief, the hearing court made these findings of fact:

> 5. At trial one of the venirepersons, juror number four, stated that he was [a] convicted felon and from his experience, he knew that Mr. Decker [, the petitioner] was probably gaming the system. He also opined that the State did not charge a person without sufficient evidence and that he witnessed child molesters getting too little time in the Department of Corrections. Trial counsel moved for a mistrial at the close of voir dire. Mistrial and new trial requests by Movant were overruled. Movant claims appellate counsel was ineffective for failing to raise the above issue in [petitioner's] brief, statement and argument. Movant further claims that the appellate court would have reversed the convictions and remanded for a new trial had appellate counsel raised the above issue.
>
> ***
>
> 9. Nowhere in the transcript of Movant's case does it appear that panelist number four said anything in particular about [petitioner]; the panelist's comments were general in nature.
>
> 10. Appellate Counsel weighed the chances of success on appeal and based on the state of current law elected not to raise the issue on appeal due to the fact that the panelist's comments were general in nature and not nearly as inflammatory as those cited in exiting case law. Further, from the evidence presented at hearing, appellate counsel did not overlook the issue, but rather, recognized the issue and made a legal judgment as to how to proceed at the appellate level.

(Id., Ex. G at 27-28.)

On review, the Missouri Court of Appeals ruled that the record supported the motion hearing court's decision and justified the strategic decision of petitioner's appellate court counsel not to raise on appeal the decision of the trial court not to grant petitioner's motion for a mistrial following the voir dire proceeding. (Id., Ex. K at 2-3.)

As described above, a successful claim of ineffective assistance of counsel requires that a petitioner demonstrate that his counsel's performance was professionally

deficient and that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. 668 at 687. To allege and prove ineffective assistance of appellate counsel, the error overlooked must have been "so obvious from the record that a competent and effective lawyer would have recognized and asserted it." Boyd v. State, 10 S.W.3d 508, 514 (Mo. banc 2000). Petitioner's claim fails to satisfy both of the Strickland elements.

"The declaration of a mistrial is a drastic remedy to be granted only in extraordinary circumstances where prejudice to the defendant cannot be removed by any other means." State v. Kelley, 83 S.W.3d 36, 42 (Mo. App. Ct. 2002). A trial court has broad discretion in deciding whether a jury panel should be dismissed, and the court's ruling will not be disturbed unless there is a clear abuse of discretion. State v. Thompson, 985 S.W.2d 779, 789 (Mo. banc 1999); State v. Costa, 11 S.W.3d 670, 675 (Mo. App. Ct. 1999). However, if the jury panel is prejudiced against a criminal defendant so that a fair and impartial jury cannot be impaneled, the court must quash the panel. State v. Muldrow, 145 S.W.3d 471, 473 (Mo. App. Ct. 2004). A trial court abuses its discretion when denying a motion for a mistrial or to quash a jury panel when its denial is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. In re Care and Treatment of Spencer, 123 S.W.3d 166, 168 (Mo. banc 2003).

The state post-conviction motion hearing court reasonably decided petitioner's ground for relief was without merit. Prior Missouri cases have found mistrial or quashing of the jury panel unnecessary in instances of jurors making comments similar to those challenged by petitioner. See e.g., State v. Evans, 802 S.W.2d 507, 514–15 (Mo. banc 1991) (stating that juror's comment that "[e]verybody's got some kind of thoughts, what he did to this nine year old girl" was not so inflammatory or prejudicial that it required the jury panel be quashed); State v. Reed, 789 S.W.2d 140, 141–42 (Mo. App. Ct. 1990) (finding no plain error when the trial court did not strike the jury panel after a juror said he had known the defendant since birth and that "he might have done it or he might not have done it, but I fell [sic] like he did do it, you know, because of knowing him as well

as I do."); State v. Ballinger, 298 S.W. 3d 572 (Mo. App. Ct. 2009)" (holding that a juror's comment that the defendant "is a fellow that has been in trouble" was not prejudicial to where it infringed on defendant's right to a fair trial). When making these comments, the juror did not specifically refer to petitioner; rather, he commented generally.

The state courts did not unreasonably apply Strickland to plaintiff's claim of ineffective assistance of appellate counsel. Accordingly, Ground 3 is without merit.

## VII.  CONCLUSION

For the reasons stated above, the petition of Jimmy Decker for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.


　　　　　　　　　　　　　　　　/S/   David D. Noce          
　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on July 15, 2014.